IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 27, 2013 Session

**CHARLES W. ELSEA, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 236972      Don W. Poole, Judge**

**No. E2012-01661-CCA-R3-PC - Filed March 28, 2013**

The Petitioner, Charles W. Elsea, Jr., appeals the trial court's denial of his motion to reopen his post-conviction proceedings. However, because the Petitioner failed to comply with the requirements in Tennessee Supreme Court Rule 28 section 10 for seeking discretionary review of the denial of his motion, this court has no jurisdiction in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Case Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, Charles W. Elsea, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On October 10, 1997, the Petitioner was convicted by a jury of first degree murder, aggravated robbery, and setting fire to personal property. He was given an effective sentence of life imprisonment. See State v. Charles W. Elsea, Jr., No. 03C01-9901-CR-00031, 1999 WL 1034721 (Tenn. Crim. App. Nov. 15, 1999), perm. app. denied (Tenn. June 26, 2000). The Petitioner filed for post-conviction relief from these convictions, and after an evidentiary hearing on several issues, he was denied relief on September 4, 2002. The denial was affirmed by this court. State v. Charles W. Elsea, Jr., No. E2003-00091-CCA-R3-PC, 2003 WL 21523193 (Tenn. Crim. App. July 7, 2003), perm. app. denied (Tenn. Oct. 27, 2003).

In 2011, the Petitioner filed an application for permission to appeal from an order of the Criminal Court for Hamilton County denying his first motion to reopen his prior post-conviction proceedings, alleging that his sentence was enhanced because of a prior conviction that was subsequently invalidated. This court concluded that the Petitioner's motion to reopen and his application for permission to appeal were insufficient on their face to support the relief requested because the documents contained no information or facts to support the Petitioner's claim, and the appeal was denied. State v. Charles W. Elsea, Jr., No. E2011-01328-CCA-R28-PC (Tenn. Crim. App. July 1, 2011) (permission to appeal trial court's denial of motion to reopen post-conviction proceedings denied, case dismissed).

On June 11, 2012, the Petitioner filed another motion to reopen his post-conviction proceedings, alleging that two Supreme Court cases, Lafler v. Cooper, . . . , 132 S. Ct. 1376 (2012) and Missouri v. Frye, . . . , 132 S. Ct. 1399 (2012), established a constitutional right that was not recognized as existing at the time of trial but is now required to be applied in his case. He explained that Frye held that "defense counsel has a duty to communicate formal offers from the prosecution to accept the plea on the terms and conditions that may be favorable to the accused" and that his trial counsel's failure to "discuss the State's plea offer" with him denied him the effective assistance of counsel. The trial court denied the Petitioner's motion to reopen, explaining that even if Lafler and Frye "do establish a new retroactively-applicable, constitutional right, they establish it only with respect to formal plea offers"; the Petitioner's motion "merely alleges that trial counsel did not convey to the defendant the prosecutor's wish to negotiate." The Petitioner appealed to this court.

ANALYSIS

The Petitioner appeals to this court requesting relief from an order of the Criminal Court for Hamilton County denying his motion to reopen his prior post-conviction proceeding. See Tenn. Code Ann. § 40-30-117(c); see also Tenn. S. Ct. R. 28, § 10(B). The State responds that the application should be denied because the Petitioner did not comply with the Tennessee Supreme Court Rule 28 requirements for appealing the denial of a motion to re-open his first post-conviction relief petition and, alternatively, because the basis for reopening the post-conviction petition cited in the motion did not meet the requirements set forth in Tennessee Code Annotated section 40-30-117(a).

We note that the Petitioner filed a notice of appeal as of right – rather than an application for permission to appeal required under Tennessee Supreme Court Rule 28 – on August 6, 2012, requesting our review of the post-conviction court's denial of his motion to reopen his petition. See Tenn. R. App. P. 3; see also Tenn. S. Ct. R. 28, § 10(B). Therefore, we must first determine whether this court has jurisdiction to address the issue on appeal.

Tennessee Supreme Court Rule 28 governs appeals from the post-conviction court's denial of a motion to re-open post-conviction proceedings. It states, in relevant part, "A petitioner whose motion to reopen is denied shall have thirty (30) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals." Tenn. S. Ct. R. 28, § 10(B). The application must also be accompanied by copies of all the documents filed by both parties in the trial court. See Tenn. Code Ann. § 40-30-117(c).

A petitioner has no appeal as of right from a lower court's denial of his motion to reopen a post-conviction petition.[1] Tenn. R. App. P. 3; Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov.7, 2007), perm. app. denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006); see also Tenn. R. App. P. 3. However, our supreme court has determined that a notice of appeal may be construed as an application for permission to appeal a denial of a motion to reopen a petition for post-conviction relief if it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal." See State v. Graham, 90 S.W.3d 687, 691 (Tenn. 2002). The court noted that "[i]n general, the contents of an application for appeal must include (1) the date and judgment from which the petitioner seeks review, (2) the issue which the petitioner seeks to raise, and (3) the reasons why the appellate court should grant review." Id.

Here, however, the Petitioner's notice of appeal does not contain sufficient substance. The notice of appeal simply states, "Comes the Petitioner, Charles, W. Elsea, Jr., by and through counsel, Douglas A. Trant, to give notice of his appeal to the Court of Criminal Appeals of the adverse judgment of the trial court denying his post-conviction petition entered on July 19, 2012." It does not include the issue the Petitioner seeks to raise or the reasons why the appellate court should grant review, nor reference the post-conviction court's order denying the Petitioner's motion to reopen, the substance required for it to be effectively treated as an application for permission to appeal. See id. In fact, the notice of appeal appears, in title and in substance, to be a Rule 3, appeal as of right, notice of appeal. See Tenn. R. App. P. 3(f). We also note that the Petitioner filed his notice of appeal in the trial court and not this court as required pursuant to Rule 28. See Tenn. S. Ct. R. 28, § 10(B). Therefore, because the Petitioner failed to substantially comply with the procedural requirements outlined in Tennessee Supreme Court Rule 28, we lack jurisdiction to address the merits of the appeal.

---

[1]A notice of appeal is the document filed to pursue an appeal as of right, pursuant to Rule 3.

## CONCLUSION

Accordingly, the Petitioner's request to appeal from an order of the Criminal Court for Hamilton County denying his motion to reopen his prior post-conviction proceeding is DENIED, and the case is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE